## EVANSVILLE ELECTRIC RAILWAY v. LERCH.

[No. 6,013. Filed May 16, 1907.]

1. STREET RAILROADS.—*Alighting of Passengers.—Evidence.—Conflict.*—Where there was evidence showing that the plaintiff, a passenger on a street railway, attempted to alight from the car immediately after it stopped, and the car started, throwing her to the street and injuring her, a verdict in her favor will not be disturbed, though some witnesses testified that the car had stopped a minute and a half before the plaintiff attempted to alight. p. 149.

2. EVIDENCE.—*Lapse of Time.—Opinions.*—Opinion evidence of the lapse of time is uncertain and unreliable. p. 149.

3. TRIAL.—*Peremptory Instructions.*—A peremptory instruction for defendant should not be given where there is any evidence tending to prove the material allegations of the complaint. p. 150.

4. DAMAGES.—*Excessive.*—A verdict for $300 is not excessive, where the plaintiff was thrown from a street car injuring her ankle so that she was confined to her bed eight or ten days, and the ankle was weakened and made sore for a much longer time. p. 150.

From Posey Circuit Court; *O. M. Welborn,* Judge.

Action by Minnie Lerch against the Evansville Electric Railway. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*C. A. DeBruler, J. D. Welman, G. R. DeBruler* and *G. V. Menzies,* for appellant.

*Edward Durre, Edward A. Lorch* and *William Espenscheid,* for appellee.

RABB, J.—The appellant is a street-car company operating street-car lines in the city of Evansville. Appellee was a passenger on one of its cars, and was injured by a fall in alighting from the car. It is averred in the complaint that the car was stopped for passengers to alight at her destination, and while she was in the act of stepping from the car it was started suddenly, with a jerk or lurch, throwing her to the brick paved street, and causing the injuries complained of. There was a jury trial in the court below, verdict in favor of appellee for $300, and judgment thereon. Appellant's motion for a new trial was overruled, and this action of the court is the only error assigned here.

It is urged as grounds for a new trial that the verdict of the jury is contrary to the evidence, and that the court erred in refusing to give appellant's peremptory instruction, in giving to the jury, over appellant's objection, instructions one, three, and four asked for by appellee, and that the damages assessed are excessive. There was no conflict in the evidence regarding the fact that appellee was a passenger on appellant's street-car, and that she was thrown to the ground and injured while attempting to alight therefrom, appellee's contention being that the car stopped to let off passengers; that at the time it was crowded, and that she was encumbered with a sleeping child, and that a couple of old people intervened between her and the exit from the car; that in attempting to leave the car she used all the expedition the circumstances permitted, and had arisen from her seat and was in the act of alighting when the car was started with a lurch, throwing her upon the ground. The appellant contends, and the testimony of some of its witnesses tend to support the contention, that appellee did not attempt to get off the car until after it had started, and that she at-

tempted to leave the car while it was in motion; that the. car remained standing a minute and a half before appellee arose from her seat to get off the car, and that this length of time was a reasonable length of time for passengers to alight from the car; that starting the car after giving such. length of time was not negligence on the part of the company's servants operating the car.

There is a direct conflict in the evidence regarding the fact as to whether appellee made any movement to get off the car before it started. She, her husband, and

1. another witness. stated positively that she was attempting to get off the car when it started. One or two of appellant's witnesses testified that she was seated when the car started. What appellant seems to rely on as uncontradicted testimony showing that appellant was not guilty of any negligence in starting the car, is that some of the witnesses, both for appellant and appellee, said that the car remained standing a minute and a half before starting, and it is argued that this was ample time for all passengers to alight. But the witnesses who testified that the car remained standing that length of time did not pretend to give anything more than their guess. None of them timed the car. They testified to no facts and circumstances tending to support the guess they made. They said that passengers who alighted from the car had reached the sidewalk, and this is as much as they said upon the subject that would throw any certain light upon the matter. There is nothing more uncertain

2. or unreliable than the estimate made by the average man of the flight of time under such circumstances. A minute and a half is an exceedingly long time for a street car to stop, under any circumstances, for passengers to alight. A brisk walker in that length of time would have gone the length of a city block from the street-car. The husband of the appellee testified that he had not gone an arm's length from the car, and the appellee, while she did

not undertake to estimate the length of time the car stopped, told circumstantially how she was occupied from the time the car stopped until she fell, and showed, by her detailed statement of what she did, that her movements to get off the car were as prompt as the circumstances would permit. The evidence was abundantly sufficient to sustain the verdict.

3. The refusal of the peremptory instruction was therefore proper, and the instructions given by the court to the jury, taken as a whole, fairly and correctly stated the law of the case to the jury.

The evidence shows that the appellee suffered a severe and painful sprain of her ankle from her fall, that she was confined to her bed eight or ten days from the effect of

4. the injury, and that her ankle joint was weakened and sore for a much longer time. A verdict of $300 damages is not so unreasonable as to strike the mind at first blush as having been the result of bias or prejudice against the appellant on the part of the jury. We would not feel justified in saying that it was in any sense unreasonable. We find no error in the record.

Judgment of the court below is affirmed.